*WALTON* vs. *WATSON & AL.*

APPEAL from the court of the parish and city
of New Orleans.

PORTER, J. delivered the opinion of the court.

The syndics of Joseph Walton an insolvent
debtor, refused to recognise Watson, & Co as
creditors of the estate ; upon which, they filed
an opposition to the tableau of distribution, and
the court overruling it, they appealed.

The claim on which the contest has arisen,
is founded on indorsements of the insolvent
made on several notes, drawn by one David-
son.

The counsel for the syndics has alleged vari-

The syndic of
an insolvent
cannot make an
acknowledg-
ment which will
enure to the be-
nefit of the com-
mercial part-
nership of which
he is a member.
Impending in-
solvency will
not excuse a
want of demand
of payment from
the maker of a
promissory
note.

East'n District.
June, 1823.

WALTON
vs.
WATSON & AL.

ous matters why the appellants should not be admitted as creditors. We find it unnecessary to notice any but that contained in the second point, " that no demand of payment from Davidson, the maker of the note, has been proved."

A recurrence to the testimony proves that this objection is well taken. The witness who was called to establish the fact. appears to have no knowledge on the subject, but that which he derives from another. This is not sufficient, it is no better than the declaration of the person who knew the fact, if given without the solemnity of an oath.

On behalf of the appellant, it has been contended that the acknowledgment of M'Nair, who was one of the syndics, that payment had been demanded, binds the estate. Wihout entering into the question whether such an acknowledgment would be good proof of demand in an ordinary case, we are well satisfied it cannot be so considered, in that now under consideration. For the syndic was a partner in the house for whose benefit that declaration (if legal evidence) would have enured, and he had consequently a direct interest in making it. If that, which syndics said in relation to

their demands against the insolvent, were to be taken as acknowledgments against others, instead of assertions on their own behalf, it is obvious the rest of the creditors would be completely at their mercy. But the law is not so improvident. In a *concurso* all the creditors are at once plaintiffs and defendants, and each must establish their claim by legal proof: nor is there any difference in this respect between the syndics, and those who nominate them.

To take the case out of the general rule, it has also been urged on the part of the appellant, the drawer was an insolvent, when the note became due, and that a demand was unnecessary. Supposing this to be correct in point of law, it is not in fact. The testimony is, that shortly after the notes were due, the drawer became insolvent. Now, so far from this being a period in the maker's affairs, when the want of a demand can be excused, it is precisely the moment when it is of the utmost importance. For exertion and diligence *may* secure the debt, and a delay in demanding payment until bankruptcy is declared, *must* deprive those who are interested in the bill from profiting by their vigilance.

WALTON
vs.
WATSON & AL.

The judgment of the parish court is therefore affirmed with costs.

*Workman* for the plaintiff; *Hawkins* for the defendants.

